Judge. Underwood
delivered the opiüion of the Court
. Bullock was sued in an action of covenant on the following instrument;
“ Know all men by these presents, that I, John Bullock, do bind myself, my heirs, &c. to pay unto William Pottinger, the interest on the sum of one hundred and eighty-seven dollars, forty-two cents, from the 2d of September, 1806, until paid, .which said in? terest is not to be paid, until I collect the money due on a bond given by Henry Kirkham and Michael Kirkham to said John Bullock, and ou which bond a suit is now pending in the Barren circuit court. I further bind myself to pay unto the said Pottinger, his costs of a suit now pending in the Nelson circuit court, wherein the said Pottinger is plaintiifand myself defendant. October 7th, 1817.
“JOHN BULLOCK. [seal.]” -
The declaration contained three counts. The first averred that Bullock had received and collected the money due on the bonds executed by the Kirkhams. The second, averred that the money on said bond could have been collected by reasonable diligence; that full and. ample time had elapsed, but Bullock had carelessly,, wilfully, and intentionally failed and neglected to collect the debt, .due on. the bond of the Kirkhams. The third; avers that Bullock never held a. bond executed to him by the Kirkhams, and-that m *95 •suit was ever instituted in the Barren circuit, or elsewhere, on any such bond. Bullock by appropriate pleas contradicted these several averments, and also plead covenants performed* Issues were found upon the several pleas, and a trial had..' Verdict and judgment for the plaintiff, below.
Upon the trial, Bullock introduced a witness and offered to prove, that the Kirkhams were insolvent at, before, and ever since the date of the covenant declared on. The court refused to let the witness testify, to which Bullock excepted, and this is the only exception taken in the progress of the cause. The evidence thus excluded fnight have conduced to show that the money had not been collected from the Kirkhams, as was avétred in the first count, and that it could not have been collected by reasonable diligence, as averred in the second count; but such evidence did not in the least tend to counteract the ■plaintiff’s cause of action, as set out in the third count. Under the first count, it was the duty of the plaintiff to show, that the defendant had collected the money from the Kirkhams. The onusprobendi was with the? plaintiff, and if he failed to show the collection of the money, according to his averment, he must have failed upon this count. We do not perceive how the defendant could be injured by excluding his offered •proof, in regard to the first count, for its exclusion did not dispense with the necessity of proving on the part of the plaintiff, that the defendant had collected the money; and if the defendant had collected it, whether the Kirkhams were insolvent or not, could not effect the merits of the controversy. Under the second count, the issue was formed on the question of negligence. The excluded proof could not bear upon this issue. If the defendant intended to rely on the insolvency of the Kirkhams, he should have plead it. It is clear that the excluded proof had no bearing on the the third count, and the issue formed thereon; and if it were conceded that it was legitimate under the issues formed upon the two preceding counts, yet we should be averse to setting aside the judgment, when there is nothing in the record to show that the defendant made any good defence to the third count, and when in his plea to that count, he *96 tissumed the burden of proof. It-is true he demurred to the third count, but his demurrer was properly overruled.
Obligation to pay sum of money “when il collect money due on bond, upon which suit is Slow pend- ■ ing.” If no such bond, or no suit pending on'it,' obligation is broken.
Ckapeze, for appellant; Crittenden, foi* appellee»
This count avers that the defendant held no such bond on the Kirkhams as mentioned in the covenant, and that there was no suit pending thereon in the Barren circuit court. If these averments were true, the covenant was broken. The covenantor undertook that they existed, and their existence is connected by the covenant with the payment of a sum of money. If thtey did not exist, the plaintiff’s intestate may have been deceived by the stipulation, and injured by being deceived, and led into a ‘contract predicated upon their existence, which otherwise he would not have made.. A vendor covenants he hath good title when he hath not. His covenant is broken by the non-existence of title in him, and his vendee may have his action, and recover damages. So in this case.
Wherefore, the judgment is affirmed with costs and .damages.